1  GREGORY S. GILCHRIST (State Bar No. 111536)
2  RYAN BRICKER (Cal. Bar No. 269100)
   SOPHY TABANDEH (Cal. Bar No. 287583)
3  KOURTNEY SPEER (Cal. Bar No. 348243)
   VERSO LAW GROUP LLP
4  565 Commercial Street, 4th Fl.
   San Francisco, CA 94111
5  Telephone: (415) 534-0495
   Email: greg.gilchrist@versolaw.com
6         ryan.bricker@versolaw.com
          sophy.tabandeh@versolaw.com
7         kourtney.speer@versolaw.com

8  Attorneys for Plaintiff
   LEVI STRAUSS & CO.

9

10                  **UNITED STATES DISTRICT COURT**

11            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12  | LEVI STRAUSS & CO., | Case No. 24-cv-04994 |
    | --- | --- |

13  Plaintiff,

14            v.                          **COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, AND UNFAIR COMPETITION (INJUNCTIVE RELIEF SOUGHT)**

15  PORTWEST UNLIMITED COMPANY,
    PORTWEST, LLC, and PORTWEST AMERICA,
    LLC,                                  **JURY TRIAL DEMAND**

16

17            Defendants.

18

19         This lawsuit is necessary because Portwest Unlimited Company, Portwest, LLC and Portwest

20  America, LLC have misappropriated Plaintiff Levi Strauss & Co.'s ("LS&Co.") famous Tab

21  trademark as a symbol for their own apparel products.  LS&Co.  has been manufacturing and selling

22  apparel for over 150 years.  The company's apparel production was protected as an "essential

23  industry" during World War II, and exhibits at institutions such as the Smithsonian and Museum of

24  Modern Art display photographs underscoring that Levi's® products are a "staple of American culture,

25  symbolizing youth, freedom, and effortless cool."

26         LS&Co. brands its apparel products using some of the oldest and most well-respected apparel

27  trademarks in the world including the Tab trademark.  The Tab trademark is often displayed in red,

28  but appears in all colors including in white, blue, black, silver, gold, and orange as in the examples

1  shown below.







Every year, millions of jeans, shirts, jackets, and other products are sold bearing the Tab trademark. The "Tab" trademark appears on almost all jeans and jackets, and most shirts sold under the LEVI'S® brand. LS&Co. adopted the Tab trademark in 1936, registered the mark in 1938, and at various times has used the mark as part of the corporate logo, in retail signage and on the levi.com website as a sign of all the company's products and services. As shown above, the Tab trademark

sometimes bears the famous LEVI'S® trademark, and sometimes bears only the ® symbol. LS&Co. also owns registered and common law rights in word marks that reference the history and heritage of the Tab trademark, including LS&Co.'s RED TAB, ORANGE TAB, and SILVERTAB marks.

To stop defendants from continuing to misuse and trade on LS&Co.'s famous trademarks, reputation and goodwill, LS&Co. seeks preliminary and permanent injunctive relief as well as appropriate compensatory remedies and fees and costs necessitated by defendants' conduct. LS&Co. alleges as follows:

## JURISDICTION, VENUE, AND INTRA-DISTRICT ASSIGNMENT

1.      Plaintiff LS&Co.'s claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq*.). This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121 (Lanham Act). This Court has supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367.

2.      LS&Co. is informed and believes that venue is proper in this Court under 28 U.S.C. § 1391(b) because defendants transact affairs in this district and sell or distribute their infringing products and services in this district, and because a substantial part of the events giving rise to the claims asserted arose in this district.

3.      Intra-district assignment to any division of the Northern District is proper under Local Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

## PARTIES

4.      LS&Co. is a Delaware corporation with its principal place of business at Levi's Plaza, 1155 Battery Street, San Francisco, California 94111. Operating since approximately the 1850s, LS&Co. is one of the oldest and best-known apparel companies in the world. It manufactures, markets, and sells a variety of apparel, including its traditional LEVI'S® brand products.

5.      LS&Co. is informed and believes that defendant Portwest Unlimited Company is an Irish private unlimited company with its principal place of business at Castlebar Road, Ida Technology Park, Westport, Co. Mayo Ireland F28 Fy88.

6.      LS&Co. is informed and believes that defendant Portwest, LLC is a limited liability company headquartered at 1272 Omega Parkway, Shepherdsville, Kentucky 40165.

7.      LS&Co. is informed and believes that defendant Portwest America, LLC is a limited liability company headquartered at 1272 Omega Parkway, Shepherdsville, Kentucky 40165.

8.      Defendants Portwest Unlimited Company, Portwest, LLC and Portwest America, LLC are collectively referenced in this Complaint as "Defendant."  LS&Co. is informed and believes that Defendant manufactures, distributes and/or sells apparel, including pants, shirts, and jackets under the brand name PORTWEST, bearing trademarks and branding elements that infringe LS&Co.'s Tab trademark.  Defendant's infringing products are offered for sale and sold throughout the United States, including in this judicial district.

### FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

9.      LS&Co. marks its LEVI'S® brand products with trademarks that are famous around the world.  For many years prior to the events giving rise to this Complaint and continuing to the present, LS&Co. annually has spent great amounts of time, effort, and money advertising and promoting the products on which its trademarks are used.  LS&Co. has sold hundreds of millions of these products, all over the world, accounting annually for billions of dollars in sales, including sales throughout the United States and in California.  Through these investments and large sales, LS&Co. has created considerable goodwill and a reputation for high-quality, fashionable products.  LS&Co. continuously has used the relevant trademarks, for nearly 90 years, to distinguish its products. Among these trademarks is LS&Co.'s famous Tab Device Trademark (the "Tab trademark"), which, in one configuration that is used on many LEVI'S® brand products, consists of a marker sewn into pocket seams or one of the regular structural seams of the garment.  LS&Co. uses the Tab trademark on LEVI'S® jeans, pants, jackets, shirts, skirts, shorts, accessories, and a variety of other clothing products.  LS&Co.'s Tab trademark was famous among the general consuming public long before Defendant began selling the products challenged in this Complaint.

10.    LS&Co.'s Tab trademark is registered in the United States, in the State of California, and around the world; all registrations and common law marks for the Tab trademark are in full force and effect, valid and protectable, and exclusively owned by LS&Co.  LS&Co. continuously has used

each of its registered trademarks, from the registration date or earlier, until the present and during all times relevant to LS&Co.'s claims.

**LS&Co.'s Tab Trademark**

11.    LS&Co. began to display the Tab trademark on the rear pocket of its pants in 1936 when its then National Sales Manager, Leo Christopher Lucier, proposed placing a folded cloth ribbon in the structural seams of the rear pocket.  The purpose of this "tab" was to provide "sight identification" of LS&Co.'s products.  Given the distinctiveness of the Tab trademark, Mr. Lucier asserted that "no other maker of overalls can have any other purpose in putting a colored tab on an outside patch pocket, unless for the express and sole purpose of copying our mark and confusing the customer."

12.    The Tab trademark is valid and exclusively owned by LS&Co.  The Tab trademark is famous and recognized around the world and throughout the United States by consumers as signifying authentic, high-quality LEVI'S® garments.  The Tab trademark became famous prior to Defendant's conduct that is the subject of this Complaint.

13.    Examples of LS&Co.'s use of its Tab trademark rendered in red on LEVI'S® garments are shown here:






14.    LS&Co. also uses its Tab trademark in connection with many of its collaborations with other brands, including collaborations with some of the most well-respected designers and fashion houses in the industry.  Examples of LS&Co.'s use of its Tab trademark on garments put out under these collaborations follow:

| LEVI'S® x VALENTINO |
|---|



| LEVI'S® x KENZO |
| --- |
|  |
| LEVI'S® x REESE COOPER |
|  |

| LEVI'S® x MIU MIU |
|---|
|  |

15.     In addition to using the Tab trademark on products, LS&Co. also uses and has used the mark to denote retail services, including use of the trademark as its main service mark (collectively "Retail Services Tab trademark") for several years. Examples of these uses include as follows:





16.    LS&Co. owns, among others, the following United States and California Registrations for its Tab trademark.  The federal registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

      a.    U.S. Registration No. 516,561 (first used as early as September 1, 1936; registered October 18, 1949);

      b.    U.S. Registration No. 1,157,769 (first used as early as September 1, 1936; registered June 16, 1981);

      c.    U.S. Registration No. 2,791,156 (first used as early as September 1, 1936; registered December 9, 2003);

      d.    U.S. Registration No. 356,701 (first used as early as September 1, 1936; registered May 10, 1938);

      e.    U.S. Registration No. 577,490 (first used as early as September 1, 1936; registered July 21, 1953);

      f.    U.S. Registration No. 774,625 (first used as early as May 22, 1963; registered August 4, 1964);

      g.    U.S. Registration No. 775,412 (first used as early as October 9, 1957; registered August 18, 1964);

      h.    U.S. Registration No. 2,726,253 (first used as early as March 7, 1969; registered June 17, 2003);

      i.    U.S. Registration No. 2,620,144 (first used as early as February, 1999, registered September 17, 2002); and

      j.    California Registration No. 052312 (first used as early as March 7, 1969; registered June 12, 1974).

**Defendant's Infringement of LS&Co.'s Trademarks**

17.    Beginning at some point in the past and continuing until the present, Defendant – under the PORTWEST brand – has manufactured, promoted, and sold garments that infringe and dilute LS&Co.'s Tab trademark.  Examples include these products bearing infringing tabs (the "Portwest Tab"):















1
2
3
4
5
6
7
8
9
10
11
12
13



14    18.    The Portwest Tab is a nearly-identical copy of LS&Co.'s Tab trademark. Based on its

15  investigation, LS&Co. is informed and believes that Defendant has manufactured, sourced,

16  marketed, and/or sold substantial quantities of garments bearing the Portwest Tab, and has obtained

17  and continues to obtain substantial profits from these sales.  Defendant advertises these garments

18  using the Portwest Tab, along with messages touting the products' fire retardant properties.

19    19.    In addition to causing damages, Defendant's actions have caused and will cause

20  LS&Co. irreparable harm for which money damages and other remedies are inadequate.  Despite

21  repeated attempts to resolve the matter short of litigation, Defendant has reneged on commitments to

22  cease using the Portwest Tab, and – on information and belief – has instead manufactured and/or

23  released additional products bearing the infringing and diluting mark.  Defendant continues to

24  promote and sell these infringing garments, and – on information and belief – increasing its

25  production of such garments.  Unless Defendant is restrained preliminarily and permanently by this

26  Court, it will continue and/or expand its illegal activities and otherwise continue to cause great and

27  irreparable damage and injury to LS&Co. by, among other things:

28  / / /

a.  Depriving LS&Co. of its rights to use and control use of its trademarks and maintain its reputation with consumers, licensees and collaborators, including the exclusive use of its trademarks on products and services that LS&Co. creates, produces, licenses, and sells;

b.  Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products and services;

c.  Causing the public falsely to associate LS&Co. with Defendant and/or its products and services, or vice versa;

d.  Causing incalculable and irreparable damage to LS&Co.'s goodwill, reputation and standing with consumers, licensees and collaborators;

e.  Implying to consumers that LS&Co. products may bear fire retardant properties;

f.  Diluting the capacity of its Tab trademark to differentiate LEVI'S® products from others;

g.  Causing LS&Co. to lose sales of its genuine clothing products; and

h.  Causing others to believe the distinctive features of the Tab trademark may be misappropriated for their use.

## FIRST CLAIM
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §§ 1114-1117; Lanham Act § 32)

20.  LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 19 of this Complaint.

21.  Without LS&Co.'s consent, Defendant has used – in connection with the sale, offering for sale, distribution, or advertising of its products and services – trademarks and designs, including the pocket tab designs (examples of which are shown in this Complaint) that infringe upon LS&Co.'s registered Tab trademark.

22.  Defendant's acts of willful trademark infringement have been committed with the intent to cause confusion, mistake, or deception, cause harm to LS&Co. and consumers, and are in

1    violation of 15 U.S.C. § 1114.

2        23.    As a direct and proximate result of Defendant's infringing activities, LS&Co. is

3    entitled to recover all of Defendant's unlawful profits and LS&Co.'s substantial damages under

4    15 U.S.C. 1117(a).

5        24.    Defendant's infringement of LS&Co.'s Tab trademark is an exceptional case and was

6    intentional, entitling LS&Co. to treble the amount of its damages and Defendant's profits, and to an

7    award of attorneys' fees under 15 U.S.C. §§ 1117(a).

8        25.    LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. 1116(a).

9                            **SECOND CLAIM**
                    **FEDERAL UNFAIR COMPETITION**
10            **(False Designation of Origin and False Description)**
               **(15 U.S.C. § 1125(a); Lanham Act § 43(a))**
11

12       26.    LS&Co. realleges and incorporates by reference each of the allegations contained in

13   paragraphs 1 through 25 of this Complaint.

14       27.    Defendant's use of the infringing Portwest Tabs – including the pocket tab designs

15   shown by example in this Complaint – tends falsely to describe its products and services within the

16   meaning of 15 U.S.C. § 1125(a)(1).  Defendant's conduct is likely to cause confusion, mistake, or

17   deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or

18   approval of Defendant and Defendant's products and services, to the detriment of LS&Co. and

19   consumers in violation of 15 U.S.C. § 1125(a)(1).

20       28.    As a direct and proximate result of Defendant's willful infringing activities, LS&Co.

21   is entitled to recover all of Defendant's unlawful profits and LS&Co.'s substantial damages under

22   15 U.S.C. § 1117(a).

23       29.    Defendant's infringement of LS&Co.'s Tab trademark represents an exceptional case

24   and was intentional, entitling LS&Co. to treble the amount of its damages and Defendant's profits,

25   and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

26       30.    LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

27   / / /

28   / / /

**THIRD CLAIM**
**FEDERAL DILUTION OF FAMOUS MARKS**
**(Trademark Dilution Revision Act of 2006)**
**(15 U.S.C. § 1125(c); Lanham Act § 43(c))**

31.     LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 30 of this Complaint.

32.     LS&Co.'s Tab trademark is distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and was distinctive and famous prior to Defendant's conduct as alleged in this Complaint.

33.     Defendant's conduct is likely to cause dilution of LS&Co.'s Tab trademark by diminishing each of their distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

34.     Portwest diluted LS&Co.'s Tab trademark willfully, entitling LS&Co. to an award of damages and disgorgement of Portwest's profits.

35.     LS&Co. is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c).

**FOURTH CLAIM**
**CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION UNDER CALIFORNIA AND COMMON LAW**
**(Cal. Bus. & Prof. Code §§ 14200 _et seq._; Cal. Bus. & Prof. Code § 14247)**

36.     LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 35 of this Complaint.

37.     LS&Co. owns registered and common law rights in its Tab trademark.

38.     Defendant's use of the Portwest Tabs – that are identical or nearly identical to the Tab trademark – occurred without LS&Co.'s consent.

39.     LS&Co.'s Tab trademark became famous in California long before Defendant began using its infringing trademarks and designs.

40.     Defendant's use of its infringing Portwest Tab is likely to cause consumer confusion about the source of Defendant's goods and services or about a relationship between LS&Co., and Defendant and is likely to dilute LS&Co.'s Tab trademark, in violation of California Business & Professions Code §§ 14200 et seq., California Business & Professions Code § 14247, and California

common law.

41.     Defendant infringed and diluted LS&Co.'s Tab trademark with knowledge and intent to cause confusion, mistake, or deception.

42.     Defendant's conduct is aggravated by that kind of willfulness, wantonness, malice, and conscious indifference to the rights and welfare of LS&Co. for which California law allows the imposition of exemplary damages.

43.     Pursuant to California Business & Professions Code §§ 14247 and 14250, LS&Co. is entitled to injunctive relief and damages in the amount of three times Defendant's profits and three times all damages suffered by LS&Co. by reason of Defendant's manufacture, use, display, and sale of infringing goods and services.

## FIFTH CLAIM
## CALIFORNIA UNFAIR COMPETITION
### (Cal. Bus. & Prof. Code § 17200)

44.     LS&Co. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 43 of this Complaint.

45.     Defendant's conduct constitutes "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within the meaning of California Business & Professions Code section § 17200.

46.     LS&Co. is entitled to injunctive relief preventing the conduct alleged in this Complaint.

## PRAYER FOR JUDGMENT

WHEREFORE, LS&Co. prays that this Court grant it the following relief:

1.     Adjudge that Defendant infringed LS&Co.'s Tab trademark in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1114, and/or California law;

2.     Adjudge that Defendant has competed unfairly with LS&Co. in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1125(a), and/or California law;

3.     Adjudge that Defendant's activities are likely to dilute LS&Co.'s famous Tab trademark, in violation of LS&Co.'s rights under common law, 15 U.S.C. § 1125(c), and/or California law;

4.      Adjudge that Defendant and its agents, employees, attorneys, successors, assigns, affiliates, and joint venturers and any person(s) in active concert or participation with it, and/or any person(s) acting for, with, by, through or under it, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

    a.    Manufacturing, producing, sourcing, importing, exporting, selling, buying, offering for sale, distributing, licensing, advertising, or promoting any goods or services, using any words, symbols or designs that so resemble LS&Co.'s Tab trademark as to be likely to cause confusion, mistake or deception, on or in connection with any product or service that is not authorized by or for LS&Co., including without limitation, the infringing trademarks and designs that are the subject of this Complaint and for which Defendant is responsible, or any other approximation of LS&Co.'s trademarks;

    b.    Using any word, term, name, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendant's products and services with LS&Co. or as to the origin of Defendant's goods and services, or any false designation of origin, false or misleading description or representation of fact, or any false or misleading advertising;

    c.    Claiming trademark rights in the Portwest Tab, or any other word, symbol, or design that is confusingly similar to the Tab trademark, including by applying now or in the future for federal registration of trademarks comprising the Portwest Tabs or any other word, symbol, or design that is similar to the Tab trademark;

    d.    Infringing LS&Co.'s rights in and to any of its trademarks in its LEVI'S® brand products or otherwise damaging LS&Co.'s goodwill or business reputation;

    e.    Further diluting the Tab trademark;

        f.      Otherwise competing unfairly with LS&Co. in any manner; and

        g.      Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

5.      Adjudge that Defendant be required immediately to supply LS&Co.'s counsel with a complete list of individuals and entities from whom or which it purchased, and to whom or which it sold, offered for sale, distributed, advertised or promoted, infringing products and services as alleged in this Complaint;

6.      Adjudge that Defendant be required immediately to deliver to LS&Co.'s counsel its entire inventory of infringing products and services, including without limitation shirts, shorts, rompers, pants, dresses, and any other clothing, packaging, labeling, photographs, advertising and promotional material, and all plates, patterns, molds, matrices and other material for producing or printing such items, domain names, or social media handles that are in its possession or subject to its control and that infringe or facilitate infringement of LS&Co.'s trademarks as alleged in this Complaint;

7.      Adjudge that Defendant, within thirty (30) days after service of the judgment demanded herein, be required to file with this Court and serve upon LS&Co.'s counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

8.      Adjudge that LS&Co. recover from Defendant its damages and lost profits, and Defendant's profits, in an amount to be proven at trial, as well as punitive damages under California law;

9.      Adjudge that Defendant be required to account for any profits that are attributable to its illegal acts, and that LS&Co. be awarded (1) Defendant's profits and (2) all damages sustained by LS&Co., under 15 U.S.C. § 1117, plus prejudgment interest;

10.      Adjudge that the amounts awarded to LS&Co. pursuant to 15 U.S.C. § 1117 shall be trebled;

11.      Order an accounting of and impose a constructive trust on all of Defendant's funds and assets that arise out of its infringing and dilutive activities;

///

1     12.    Adjudge that LS&Co. be awarded its costs and disbursements incurred in connection

2   with this action, including LS&Co.'s reasonable attorneys' fees and investigative expenses; and

3     13.    Adjudge that all such other relief be awarded to LS&Co. as this Court deems just and

4   proper.

5   Dated:  August 9, 2024                    Respectfully submitted,

6                                            VERSO LAW GROUP LLP

7

8                                            By: */s/ Ryan Bricker*_____
                                             Gregory S. Gilchrist
9                                            Ryan Bricker
                                             Sophy Tabandeh
10                                           Kourtney Speer

11                                           Attorneys for Plaintiff
                                             LEVI STRAUSS & CO.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2    Levi Strauss & Co. demands that this action be tried to a jury.

3    Dated: August 9, 2024                    Respectfully submitted,

4                                             VERSO LAW GROUP LLP

5

6                                             By: */s/ Ryan Bricker*

7                                             Gregory S. Gilchrist
                                              Ryan Bricker

8                                             Sophy Tabandeh
                                              Kourtney Speer

9                                             Attorneys for Plaintiff

10                                            LEVI STRAUSS & CO.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28