WILLIAM A. MUÑOZ (State Bar No. 191649)
Bill.munoz@fmglaw.com
FREEMAN MATHIS & GARY, LLP
2281 Lava Ridge Court, Suite 130
Roseville, California 95661
Telephone:  (916) 272-1423

Attorney for Defendants
PORTWEST UNLIMITED COMPANY,
PORTWEST, LLC, and PORTWEST
AMERICA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVI STRAUSS & CO.<br><br>         Plaintiff,<br><br>    vs.<br><br>PORTWEST UNLIMITED COMPANY,<br>PORTWEST, LLC & PORTWEST AMERICA, LLC<br><br>         Defendants. | Case No.: 24-cv-04994<br><br>**DEFENDANTS PORTWEST UNLIMITED COMPANY, PORTWEST, LLC, and PORTWEST AMERICA, LLC'S ANSWER TO COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendants PORTWEST UNLIMITED COMPANY, PORTWEST, LLC and PORTWEST AMERICA, LLC, (hereafter collectively "Defendants"), by and through their respective counsel, respond to the Complaint by Plaintiff LEVI STRAUSS & CO. as follows:

**JURISDICTION, VENUE, AND INTRA-DISTRICT ASSIGNMENT**

The Defendants note that the Plaintiff's Complaint begins with a lengthy section that is un-numbered beginning at line 19 on page one and extending until line 7 on page three. The Defendants deny in full all assertions contained in that un-numbered section as entirely false and demands strict proof thereof.

1. Paragraph 1 of the Plaintiff's Complaint is a general statement of legal claims being attempted by the Plaintiff in the Complaint. The Defendants do not challenge the jurisdictional assertions of Paragraph 1, but the Defendants deny that any of the asserted legal claims identified by the Plaintiff in Paragraph 1 are appropriate or well founded and deny any assertion of trademark infringement or dilution.

2. The allegations contained in paragraph 2 of the Plaintiff's Complaint are hereby denied.

3. The allegations contained in paragraph 3 of the Plaintiff's Complaint are hereby admitted.

**PARTIES**

4. The Defendants are without knowledge to admit or deny the allegations set forth in paragraph 4 of the Plaintiff's Complaint and hereby demand strict proof thereof.

5. The allegations contained in paragraph 5 of the Plaintiff's Complaint are hereby admitted.

6. The allegations contained in paragraph 6 of the Plaintiff's Complaint are hereby admitted.

7. The allegations contained in paragraph 7 of the Plaintiff's Complaint are hereby admitted.

8. The allegations contained in paragraph 8 of the Plaintiff's Complaint are hereby denied.

## FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

9. The allegations contained in paragraph 9 of the Plaintiff's Complaint are hereby denied, and specifically, the Defendants deny that Plaintiff has any such "Tab Trademark" covering the general concept of a tab on an article of clothing as asserted by the Plaintiff.

10. The allegations contained in paragraph 10 of the Plaintiff's Complaint are hereby denied, and specifically, the Defendants deny that Plaintiff has any such "Tab Trademark" covering the general concept of a tab on an article of clothing as asserted by the Plaintiff.

11. The allegations contained in paragraph 11 of the Plaintiff's Complaint are hereby denied, and specifically, the Defendants deny that Plaintiff has any such "Tab Trademark" covering the general concept of a tab on an article of clothing as asserted by the Plaintiff.

12. Paragraph 12 of the Plaintiff's Complaint is merely a restatement of the allegations of prior paragraphs, and accordingly, the responses set forth above are incorporated herein by reference.

13. The Defendants are without knowledge to admit or deny the allegations set forth in paragraph 13 of the Plaintiff's Complaint and hereby demand strict proof thereof.

14. The allegations contained in paragraph 14 of the Plaintiff's Complaint are hereby denied, and specifically, the Defendants deny that Plaintiff has any such "Tab Trademark" covering the general concept of a tab on an article of clothing as asserted by the Plaintiff.

15. The allegations contained in paragraph 15 of the Plaintiff's Complaint are hereby denied, and specifically, the Defendants deny that Plaintiff has any such "Tab Trademark" covering the general concept of a tab on an article of clothing as asserted by the Plaintiff.

16. The Defendants are without knowledge to admit or deny the allegations set forth in paragraph 16 of the Plaintiff's Complaint and hereby demand strict proof thereof.

17. The allegations contained in paragraph 17 of the Plaintiff's Complaint are hereby denied.

18. The allegations contained in paragraph 18 of the Plaintiff's Complaint are hereby denied.

19. The allegations contained in paragraph 19 of the Plaintiff's Complaint are hereby denied.

## FIRST CLAIM FOR RELIEF
## FEDERAL TRADEMARK INFRINGEMENT

20. Paragraph 20 of the Plaintiff's Complaint is merely a restatement of the allegations of prior paragraphs, and accordingly, the responses set forth above are incorporated herein by reference.

21. The allegations contained in paragraph 21 of the Plaintiff's Complaint are hereby denied.

22. The allegations contained in paragraph 22 of the Plaintiff's Complaint are hereby denied.

23. The allegations contained in paragraph 23 of the Plaintiff's Complaint are hereby denied.

24. The allegations contained in paragraph 24 of the Plaintiff's Complaint are hereby denied.

25. The allegations contained in paragraph 25 of the Plaintiff's Complaint are hereby denied.

## SECOND CLAIM FOR RELIEF
## FEDERAL UNFAIR COMPETITION

26. Paragraph 26 of the Plaintiff's Complaint is merely a restatement of the allegations of prior paragraphs, and accordingly, the responses set forth above are incorporated herein by reference.

27. The allegations contained in paragraph 27 of the Plaintiff's Complaint are hereby denied.

28. The allegations contained in paragraph 28 of the Plaintiff's Complaint are hereby denied.

29. The allegations contained in paragraph 29 of the Plaintiff's Complaint are hereby denied.

30. The allegations contained in paragraph 30 of the Plaintiff's Complaint are hereby denied.

## THIRD CLAIM FOR RELIEF
## FEDERAL DILUTION OF FAMOUS MARKS

31. Paragraph 31 of the Plaintiff's Complaint is merely a restatement of the allegations of prior paragraphs, and accordingly, the responses set forth above are incorporated herein by reference.

32. The allegations contained in paragraph 32 of the Plaintiff's Complaint are hereby denied, and specifically, the Defendants deny that Plaintiff has any such "Tab Trademark" covering the general concept of a tab on an article of clothing as asserted by the Plaintiff.

33. The allegations contained in paragraph 33 of the Plaintiff's Complaint are hereby denied.

34. The allegations contained in paragraph 34 of the Plaintiff's Complaint are hereby denied.

35. The allegations contained in paragraph 35 of the Plaintiff's Complaint are hereby denied.

## FOURTH CLAIM FOR RELIEF
## CALIFORNIA TRADEMARK INFRINGEMENT AND DILUTION UNDER
## CALIFORNIA AND COMMON LAW

36. Paragraph 36 of the Plaintiff's Complaint is merely a restatement of the allegations of prior paragraphs, and accordingly, the responses set forth above are incorporated herein by reference.

37. The allegations contained in paragraph 37 of the Plaintiff's Complaint are hereby denied, and specifically, the Defendants deny that Plaintiff has any such "Tab Trademark" covering the general concept of a tab on an article of clothing as asserted by the Plaintiff.

38. The allegations contained in paragraph 38 of the Plaintiff's Complaint are hereby denied.

39. The allegations contained in paragraph 39 of the Plaintiff's Complaint are hereby denied, and specifically, the Defendants deny that Plaintiff has any such "Tab Trademark" covering the general concept of a tab on an article of clothing as asserted by the Plaintiff.

40. The allegations contained in paragraph 40 of the Plaintiff's Complaint are hereby denied.

41. The allegations contained in paragraph 41 of the Plaintiff's Complaint are hereby denied, and specifically, the Defendants deny that Plaintiff has any such "Tab Trademark" covering the general concept of a tab on an article of clothing as asserted by the Plaintiff.

42. The allegations contained in paragraph 42 of the Plaintiff's Complaint are hereby denied.

43. The allegations contained in paragraph 43 of the Plaintiff's Complaint are hereby denied.

## FIFTH CLAIM FOR RELIEF
## CALIFORNIA UNFAIR COMPETITION

44. Paragraph 44 of the Plaintiff's Complaint is merely a restatement of the allegations of prior paragraphs, and accordingly, the responses set forth above are incorporated herein by reference.

45. The allegations contained in paragraph 45 of the Plaintiff's Complaint are hereby denied.

46. The allegations contained in paragraph 46 of the Plaintiff's Complaint are hereby denied.

## AFFIRMATIVE DEFENSES
## FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim on which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel based on Plaintiffs' actions, including years of knowing silence and inaction as to countless third parties using clothing tags in the same or similar manner as Defendants, and ignoring Defendants' prior use of an informative tag to denote fire rating for clothing for almost a decade, which is conduct that prejudiced the Defendants and on which the Defendants relied to their detriment.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence based on Plaintiffs' actions, including years of knowing silence and inaction as to countless third parties using clothing tags in the same or similar manner as Defendants, and ignoring Defendants' prior use of an informative tag to

denote fire rating for clothing for almost a decade, which is conduct that prejudiced the Defendants and on which the Defendants relied to their detriment.

### FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches based on Plaintiffs' actions, including years of knowing silence and inaction as to countless third parties using clothing tags in the same or similar manner as Defendants, and ignoring Defendants' prior use of an informative tag to denote fire rating for clothing for almost a decade, which is conduct that prejudiced the Defendants and on which the Defendants relied to their detriment.

### FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiff's claims are barred, in whole or in part, by unclean hands based on their manipulation of the trademark application process make it appear to the U.S. Patent and Trademark Office ("USPTO") that (a) the applications and registrations now asserted belonged to the Plaintiff, and (b) that the Plaintiff had the exclusive right to use rectangular tags on clothing, with knowledge or constructive knowledge of these manipulations of the application process. As a consequence of these actions, it would be inequitable to enforce the marks asserted by any Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use as it is advantageous and useful to use informative tags on clothing that describe the features, properties, and associated hazards of goods.  Given the decades of use by clothing manufacturers and others who have used tags in connection with conveying useful information about the goods themselves without any trademark use whatsoever.  Defendants' use of tags to convey certification as to particular safety standards is descriptive, made in good faith, and is not used as a trademark.

There is no basis for Plaintiff to acquire a monopoly over the use of any and all tags on clothing or any other goods.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claims as to the marks consisting of or clothing tags at seams are barred because the marks have been abandoned because Plaintiffs have failed to adequately police third-party uses of the marks, namely the use of tags on clothing.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's claims are barred because it has waived claims that it owns a family of trademarks featuring clothing tags at seams because of the widespread and long-standing use of tags on clothing to inform consumers of properties of the goods have become generic because a tag unadorned by a mark is not perceived by the public to be a trademark but rather as a means to convey information about a good imprinted on the tag which could include features, properties, hazards, and the source of the goods.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred by the doctrine of trademark misuse. Plaintiff is combining separate, purported trademark rights in an effort to block competitors from using informative tags on clothing that consumers understand refers to features and properties of the clothing and not the source of goods. This purported combination of separate intellectual property assets is anticompetitive and represents Plaintiff's manipulation and misuse of trademark rights and violates public policy encouraging, and often requiring manufacturers to be transparent with consumers as to features, properties, and hazards of goods. Such misuse serves the function of deceiving consumers as to the differences among goods as to features, properties, and safety and leads to ill informed decision making among consumers as to the nature of the goods that they purchase and deceives as to the

appropriateness of the Plaintiff's goods for various consumer uses which also creates safety issues and assists the Plaintiff to pass off its goods to consumers who would otherwise buy based upon information readily available at the time of purchase. Notably, Plaintiff's clothing is entirely unsuitable for use as protective clothing whereas the Defendants use the complained of tag to comply with OSHA requirements regarding, for example, readily communicating the flame retardancy of protective clothing to the purchaser, user, and to third parties such as OSHA inspectors.

### TENTH AFFIRMATIVE DEFENSE

10. Defendants believe that Plaintiff is positioning itself to enter the protective clothing market through an expansion of its work-wear products. An essential element of Plaintiff's strategy appears to be an attempt to expand the scope of its registered marks for the purpose of harassing competitors and unfairly restricting competition. Plaintiff has no objectively reasonable expectation of success of this baseless suit on the merits and it conceals an attempt to suppress competition through the improper use of government process.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Defendants' use of a tag on clothing to communicate features, properties, and hazards is utilitarian in nature as is Plaintiff's use. Plaintiff uses the complained of tag only to bear its literal mark LEVI'S and not for the purposes of trademark usage as, upon information and belief, the Plaintiff does not use its tag by itself but always imprints a literal mark onto the tag. Defendants' use, and the widespread use by others, is utilitarian because it conveys information about features, properties, and hazards of protective clothing to the consumer without adorning it with any mark.

## TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims to a mark comprising a tag on clothing, even if true, do not rise to the level of creating a famous mark under the Trademark Dilution Revision Act because clothing tags in and of themselves are not widely recognized by the general consuming public of the United States as a designation of a particular source of goods.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendants reserve the right to supplement or amend this Answer, including but not limited to the addition of further affirmative defenses, based on further investigation and discovery in this action.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff takes nothing from Defendants by its Complaint;
2. That Defendants be awarded judgment in this action;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems proper.

Dated: September 12, 2024         **FREEMAN MATHIS & GARY, LLP**

By: _____
William A. Muñoz
*Attorneys for Defendants*
PORTWEST UNLIMITED COMPANY, PORTWEST, LLC, and PORTWEST AMERICA, LLC

# DEMAND FOR JURY TRIAL

Defendants PORTWEST UNLIMITED COMPANY, PORTWEST, LLC, and PORTWEST AMERICA, LLC demand a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 12, 2024　　　　　　**FREEMAN MATHIS & GARY, LLP**

By: _William A. Muñoz_
William A. Muñoz
*Attorneys for Defendants*
PORTWEST UNLIMITED COMPANY, PORTWEST, LLC, and PORTWEST AMERICA, LLC

# CERTIFICATE OF SERVICE

I declare that I am employed in the County of Placer, State of California. I am over the age of eighteen years at the time of service and not a party to the within case. My employment address is 2281 Lava Ridge Court, Suite 130, Roseville, California 95661 and my electronic service address is bill.munoz@fmglaw.com.

On September 12, 2024, I served a copy of the document(s) entitled:

**DEFENDANTS PORTWEST UNLIMITED COMPANY, PORTWEST, LLC, and PORTWEST AMERICA, LLC'S ANSWER TO COMPLAINT**

On the interested parties in this action, by placing a true and correct copy thereof enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| X | **By ECF.** Pursuant to rule 5 of the Federal Rules of Procedure, I served the attorneys of record by filing on the Court's ECF system. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 12, 2024, at Roseville, California

_____
William A. Muñoz

# SERVICE LIST

*LEVI STRAUSS & CO. vs. PORTWEST UNLIMITED COMPANY, et al.*
Case No. 3:24-CV-04994

| | |
|---|---|
| Greogry S. Gilchrist<br>Rayn Bricker<br>Sophy Tabandeh<br>Kourtney Speer<br>VERSO LAW GROUP, LLP<br>565 Commercial Street, 4th Floor<br>San Francisco, CA 94111 | ***Attorney for Plaintiff***<br>***LEVI STRAUSS & CO.***<br>Tel: (415) 534-0495<br>Email: greg.gilchrist@versolaw.com<br>Ryan.bricker@versolaw.com<br>Sophy.tabandeh@versolaw.com<br>Kourtney.speer@versolaw.com |